**AFFIRM; and Opinion Filed November 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01084-CV

### GLENN M. IHDE AND C. ALICE IHDE, Appellants
### V.
### FIRST HORIZON HOME LOANS, a division of First Tennessee Bank, N.A., successor in interest by merger to First Horizon Home Loan Corporation, BANK OF NEW YORK MELLON f/k/a Bank of New York, NATIONSTAR MORTGAGE, LLC, AND METLIFE HOME LOANS, LLC, successor by merger to MetLife Bank, N.A., Appellees

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-02840-2013**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Schenck
Opinion by Justice Schenck

Glenn M. Ihde and C. Alice Ihde appeal the grant of summary-judgment dismissal of their claims for unjust enrichment, violations of the Texas Debt Collections Practices Act (the "TDCPA"), and fraud against appellees First Horizon Home Loans ("First Horizon"), Bank of New York Mellon ("BONY"), Nationstar Mortgage LLC ("Nationstar"), and MetLife Home Loans, LLC ("MetLife"). The Ihdes contend the judgment was in error because they produced more than a scintilla of evidence to support their claims and because appellees failed to prove as a matter of law that there was no genuine issue of material fact on the elements of their claims. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND FACTS

In 2004, the Ihdes executed a deed of trust and note payable for $864,000 to First Horizon to finance the construction and purchase of their home. Pursuant to the final repayment terms of the note payable, the Ihdes were to make regular monthly payments beginning on February 1, 2006, and continuing on the first day of each month thereafter for the next thirty years. The note payable also provided that if the Ihdes failed to timely make their payments, the holder of the note payable had the right to assess a late fee equal to five percent of the past-due principal and interest payment.

The Ihdes made payments on their note payable through February 2009, but they failed to make any payments thereafter. In May 2009, the Ihdes completed a hardship letter, in which they explained their income had "dropped drastically due to the economy," stated their desire to find a way to keep their home, and requested a loan modification and forbearance. On March 11, 2011, First Horizon notified the Ihdes their request for loan modification was denied due to insufficient income.

On July 22, 2013, the Ihdes filed suit against appellees and several other defendants that are not parties to this appeal, seeking to enjoin the foreclosure sale of their home and alleging the defendants made misrepresentations to the Ihdes during their application for a loan modification. On April 15, 2015, appellees filed traditional and no-evidence motions for summary judgment, which were granted on June 8, 2015.

## STANDARD OF REVIEW

When, as here, an appellate court reviews both no-evidence and traditional summary-judgment motions, we first review the trial court's summary judgment under the standards of review for no-evidence summary judgments, potentially pretermitting the need for further analysis. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). No-evidence

–2–

summary judgments are reviewed under the same legal sufficiency standard as directed verdicts. *Id.* Under that standard, evidence is considered in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Id.* A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.*

**DISCUSSION**

I.      Unjust Enrichment

Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits received under circumstances which give rise to an implied or quasi-contractual obligation to repay. *See Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). The unjust enrichment doctrine applies principles of restitution to disputes where there is no actual contract and is based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution. *Id.* A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

The Ihdes contend they produced evidence that established appellees informed the Ihdes a loan modification was the only option, failed to communicate accurately or competently, and charged the Ihdes late fees throughout the loan modification review process. They rely heavily on an affidavit from Mr. Idhe in which he asserts the following conduct on the part of the appellees. Mr. Idhe states that he and his wife made their monthly payments until January 29,

–3–

2008, when First Horizon raised the monthly payments without providing any reason for the increase. However, they do not assert that they either ever questioned the increase; instead, the Idhes continued to make regular payments.[1] Additionally, Mr. Idhe asserts in his affidavit that when he requested a forbearance agreement, he was told the "only option was a loan modification." Mr. Idhe says that in reliance on that statement he sent financial documents to First Horizon in June 2009. While Mr. Idhe notes subsequent changes in the identity of his loan servicer, he does not contend that any defendant or servicer promised him a modification.

Accordingly, the evidence fails to establish any of appellees engaged in any conduct constituting fraud, duress, or taking of an undue advantage. *Heldenfels Bros., Inc.*, 832 S.W.2d at 41. Accordingly, we deny the Ihdes' first issue.

## II.    Violations of TDCPA

The Idhes alleged violations of sections 392.304(a)(19), 392.303(a)(2), and 392.304(a)(8) of the TDCPA. Section 392.304(a)(19) prohibits a debt collector from using fraudulent, deceptive, or misleading misrepresentations that include false or deceptive means to collect a debt or obtain information concerning a customer. TEX. FIN. CODE ANN. § 392.304(a)(19) (West 2006). Section 392.303(a)(2) prohibits a debt collector from using unfair or unconscionable means in collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest, or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. TEX. FIN. CODE ANN. § 392.303(a)(2) (West 2006). Section 392.304(a)(8) prohibits a debt collector from using fraudulent, deceptive, or misleading representations that include misrepresenting the character,

---

[1] In their response to the motion for summary judgment, the Idhes note Mr. Idhe believed the "improper charges" were "all related to the escrow account." The Idhes provide no evidence that the escrow amounts charged were not in compliance with the terms of the deed of trust or note payable.

extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding. TEX. FIN. CODE ANN. § 392.304(a)(8) (West 2006).

The Idhes argue Mr. Idhe's affidavit and his deposition testimony support their claims that appellees violated the above sections of the TDCPA. Each of their three claims of violations under the TDCPA require some evidence of fraudulent, deceptive, or misleading misrepresentations or unfair or unconscionable means in collecting a debt or information about a customer. *See* TEX. FIN. CODE ANN. §§ 392.303(a)(2), 392.304(a)(8), and 392.304(a)(19). They contend First Horizon's repeated requests for information were a "deceptive or misleading" means of obtaining additional information about the Idhes, that First Horizon's drastic increase of the Idhes' monthly payment was unfair or unconscionable,[2] and that the demand for an increased monthly payment mischaracterized the debt. None of the foregoing constitutes more than a scintilla of evidence of misrepresentations or unfair or unconscionable means to support the Idhes' TDCPA claims. *Merriman*, 407 S.W.3d at 248. Accordingly, their second issue is overruled.

III.    Fraud

The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

---

[2] In their response to the motion for summary judgment, the Idhes note Mr. Idhe believed the "improper charges" were "all related to the escrow account." The Idhes provide no evidence that the escrow amounts charged were not in compliance with the terms of the deed of trust or note payable.

The Ihdes make a similar argument as they did in favor of unjust enrichment—that the statement attributed to First Horizon that a loan modification was the Idhes' "only option" was a misrepresentation as evidenced by BONY's alleged statement that BONY was not set up to do loan modification. The Idhes present no argument to explain why BONY would be required to modify the loan and, in all events, present no evidence that their note payable was serviced by BONY at the time First Horizon allegedly stated that a loan modification was the Idhes' only option. Thus, the Idhes have failed to establish any of the appellees made a false representation. *Italian Cowboy Partners, Ltd.*, 341 S.W.3d at 337. Accordingly, we overrule the third issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

151084F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GLENN M. IHDE AND C. ALICE IHDE, Appellants

No. 05-15-01084-CV     V.

FIRST HORIZON HOME LOANS, a division of First Tennessee Bank, N.A., successor in interest by merger to First Horizon Home Loan Corporation, BANK OF NEW YORK MELLON f/k/a Bank of New York, NATIONSTAR MORTGAGE, LLC, AND METLIFE HOME LOANS, LLC, successor by merger to MetLife Bank, N.A., Appellees

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-02840-2013.
Opinion delivered by Justice Schenck, Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees FIRST HORIZON HOME LOANS, a division of First Tennessee Bank, N.A., successor in interest by merger to First Horizon Home Loan Corporation, BANK OF NEW YORK MELLON f/k/a Bank of New York, NATIONSTAR MORTGAGE, LLC, AND METLIFE HOME LOANS, LLC, successor by merger to MetLife Bank, N.A., recover their costs of this appeal and the full amount of the trial court's judgment from appellants GLENN M. IHDE AND C. ALICE IHDE.

Judgment entered this 28th day of November, 2016.